UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                :
KENSHOO, INC.,                     :
                :   **MEMORANDUM DECISION**
          Plaintiff,         :   **AND ORDER**
                :
       - against -         :   22-cv-764 (BMC)
                :
ARAGON ADVERTISING, LLC,      :
                :
         Defendants.        :
                :
------------------------------------------------------------ X

**COGAN**, District Judge.

      This Court issued an Order requiring plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff had purported to invoke diversity jurisdiction, but as to the citizenship of defendant limited liability company, plaintiff had only alleged defendant's state of formation and principal place of business. As the Order to Show Cause pointed out, those facts are irrelevant as to the citizenship of a limited liability company. See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012); Barnes v. Fort Hamilton Fam. Homes, No. 21-cv-1044, 2021 WL 861801, at *1 (E.D.N.Y. March 8, 2021) ("For diversity purposes, LLCs have the imputed citizenship of each of their members."); 136-61 Roosevelt LLC v. Starbucks Corp., No. 21-cv-3560, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021); The Order to Show Cause also advised plaintiff that it "must identify each member of the LLC and properly plead each member's citizenship."

      Plaintiff responded to the Order to Show Cause with an amended complaint alleging:

> Upon information and belief, Aragon has two shareholders: Todd Stearn and another individual whose name is not yet known to Plaintiff . . . Upon information and belief, the second member of Aragon, whose name is not yet known to Plaintiff, is a citizen of the State of New York. Upon information and belief, no

member of Aragon is domiciled in the State of California for purposes of diversity jurisdiction.

In addition, plaintiff submitted an affidavit from its counsel averring that she had contacted defendant's counsel, who "informed [her] that Aragon had two members: Todd Stearn and one additional member whose name she did not know. [Defendant's counsel also] stated that both members of Aragon are citizens of New York."

This showing is still insufficient. As the Second Circuit observed in Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 60 (2d Cir. 2016), an allegation that an LLC "is a citizen of a different state" than the plaintiff "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory." District courts in this Circuit regularly hold that allegations that a party is a citizen of a different state, or that none of the members of a defendant limited liability company are citizens of the same state as the plaintiff, are insufficient to invoke diversity jurisdiction. See Go Farm Hemp, LLC v. Canopy Growth USA, LLC, No. 19-cv-1370, 2019 WL 5842908, at *2 (W.D.N.Y. Nov. 7, 2019); Axalta Coating Sys., LLC v. Atl. Auto Body of Freeport, LLC, No. 18-cv-3521, 2019 WL 1491959, at *2 (E.D.N.Y. Apr. 4, 2019); see also Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC, No. 20-cv-731, 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (collecting cases). Allegations like these do not meet the plausibility standard for substantive allegations under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and there is no reason why jurisdictional allegations – the fundamental building blocks on which the power of the federal courts rests – should be treated more casually.

We are approaching 200 years since the Supreme Court made it clear that a plaintiff cannot guess at a defendant's citizenship in bringing an action in federal court. A plaintiff's lawyer must do the research first and if she cannot find a definitive basis for alleging the

citizenship of each defendant, then the case belongs in state court. Chief Justice Marshall thus stated that "the averment of jurisdiction shall be positive – that the declaration shall state expressly the fact upon which jurisdiction depends. It is not sufficient, that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 8 Pet. (33 U.S.) 112, 144 (1834) (Marshall, C.J.). More recently, as the Seventh Circuit held in Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692–93 (7th Cir. 2003):

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money. . . . Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one. That confesses a violation of Fed. R. Civ. P. 11. . . . [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

No doubt, the combination of the statutory requirements for diversity jurisdiction and the lack of public information about ownership of unincorporated associations often makes it difficult to proceed in federal court when a case involves a limited liability company. States generally do not require disclosure of ownership interests in a limited liability company or a limited partnership, unlike their treatment of a corporation's state of incorporation or its principal place of business. Indeed, one reason that individuals entering a business may choose an unincorporated form is to avoid disclosure of ownership interests. See generally "The Opaque World of Ownership by L.L.C., N.Y. Times, May 1, 2018, at B1.[1]

But at least when it comes to citizenship for diversity purposes, that is the way Congress wants it. Congress granted a special citizenship status to corporations that could be ascertained from public records and observation of their principal place of business, and despite the

---

[1] A version of this article appears online. See Emily Badger, Anonymous Owner, L.L.C.: Why It Has Become So Easy to Hide in the Housing Market, N.Y. Times, Apr. 30, 2018, https://www.nytimes.com/2018/04/30/upshot/anonymous-owner-llc-why-it-has-become-so-easy-to-hide-in-the-housing-market.html.

increasing use of unincorporated entities as business vehicles over the last 30 years, Congress has not amended the diversity statute to treat such entities the same way as corporations for diversity purposes.[2]  It is not up to the courts to amend the statute to increase the reach of federal jurisdiction where Congress has not.

The claims in plaintiff's complaint are all common law causes of action sounding in contract or tort, the kind of claims that the New York state courts hear every day. There is no reason to stretch the requirements for subject matter jurisdiction when plaintiff can walk across the street (literally) and have the same law applied to its claims that would be applied here. The case is dismissed for failure to properly plead subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
       February 18, 2022

---

[2] In fact, Congress has determined to treat limited liability companies like corporations for diversity purposes in one instance – under the Class Action Fairness Act. See Pub. L. No. 109-2, § 4(a), 119 Stat. 4, 9 (2005) (adding a new § 1332(d) and stating that, for purposes of that section, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). The fact that Congress has done it there but has not chosen to do it generally emphasizes the point that courts should not interject their own preference.