UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
               :
KENSHOO, INC.,              :
               : **MEMORANDUM DECISION**
                    Plaintiff,       : **AND ORDER**
               :
              - against -       : 22-cv-764 (BMC)
               :
ARAGON ADVERTISING, LLC,    :
               :
                   Defendants.      :
               :
----------------------------------------------------------- X

**COGAN**, District Judge.

       Plaintiff's motion for reconsideration of this Court's Order dismissing the case for lack of subject matter jurisdiction is denied.

       The lack of knowledge of the membership of a limited liability company or limited partnership has at times caused an enormous waste of judicial and party resources when a party purports to invoke diversity jurisdiction and it turns out later that there wasn't any. Often, the lack of knowledge is shared by both parties' lawyers. As the Seventh Circuit held in <u>Belleville Catering Co. v. Champaign Market Place, LLC</u>, 350 F.3d 691, 692–93 (7th Cir. 2003):

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money. . . . Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one. That confesses a violation of Fed. R. Civ. P. 11. . . . [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

The Court sees no reason to take that risk here.

**BACKGROUND**

Plaintiff brought this purported diversity case alleging that it is a "well-known digital marketing service provider." The complaint alleges that it agreed to provide defendant Aragon Advertising LLC, a "digital performance marketing agency," with access to plaintiff's product to track and report the results of Aragon's media expenditures. Aragon has declined to pay for those services, according to plaintiff, and owes plaintiff $148,613 plus attorneys' fees.

Plaintiff's initial complaint alleged that Aragon "is a New York limited liability company with a principal place of business at 45 Main Street, Suite 816, Brooklyn, New York 11201." As plaintiff subsequently recognized, this was an inadequate allegation of defendant's citizenship because the citizenship of an LLC has nothing to do with its state of formation or principal place of business; rather, the citizenship of an LLC consists of the imputed citizenship of each one of its members. See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000)). This Court therefore issued an Order requiring plaintiff to show cause why the action should not be dismissed for failing to adequately plead subject matter jurisdiction.

Plaintiff responded to the Order to Show Cause, in part, with an amended complaint that modestly improved on the original. This time, plaintiff alleged that the defendant LLC "was a domiciliary of the State of New York for purposes of diversity jurisdiction." The basis for this conclusion was also set forth in the amended complaint:

> 4. Upon information and belief, Aragon has two shareholders: Todd Stearn and another individual whose name is not yet known to Plaintiff.
>
> 5. Upon information and belief, Todd Stearn is a citizen of the State of New York, domiciled at 55 Peach Drive, Roslyn, New York 11576.

6. Upon information and belief, the second member of Aragon, whose name is not yet known to Plaintiff, is a citizen of the State of New York.

7. Upon information and belief, no member of Aragon is domiciled in the State of California for purposes of diversity jurisdiction.

In addition, plaintiff submitted a response to the Order to Show Cause in which its attorney, Caroline Shulim, explained that after this Court had dismissed this case, there was a conversation between Attorney Shulim, her colleague, and an alleged "outside counsel to Aragon," Jennifer Silverman (who has not appeared in this action), in which Attorney Silverman stated that "Aragon had two members: Todd Stearn and one additional member whose name she did not know. Ms. Silverman stated that both members of Aragon are citizens of New York." Attorney Shulim then consulted various public databases but could not find out the identity of defendant's other member.

This Court dismissed the amended complaint because it was still inadequate to demonstrate diversity of citizenship. First, as to paragraph 7 of the amended complaint quoted above – that "no member of Aragon is domiciled in the State of California for purposes of diversity jurisdiction" – there are numerous cases holding that this kind of attempt to generally negate all non-diversity scenarios is insufficient. In Carter v. Healthport Technologies, LLC, 822 F.3d 47 (2d Cir. 2016), for example, the Second Circuit considered an allegation that the defendant was "a citizen of a different state" than that of the plaintiff. It noted that this did not sufficiently invoke diversity "because [the complaint] contains no allegation as to the identity or citizenship of [the defendant's] members." Id. at 60; see also Cameron v. Hodges, 127 U.S. 322, 324–25 (1888) (distinguishing between the allegation that plaintiff was not a citizen of the same state as defendant and the allegation that plaintiff is a citizen of another state, and holding the former to be insufficient by itself to invoke diversity jurisdiction); D.B. Zwirn Special

3

Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island is not sufficient to give jurisdiction."); Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."); Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990) ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.").

Having eliminated paragraph 7 of the amended complaint as a basis for jurisdiction, the Court was left with the allegations that Aragon has two members, one of which is unknown, but which plaintiff believes, based on the opinion provided by Attorney Silverman, is a New York citizen. The Court held that this was inadequate too, and plaintiff has moved for reconsideration on the ground that the Court erred in so concluding.

## DISCUSSION

Plaintiff's main argument is that it is sufficient to allege that the unnamed member of the LLC "is a citizen of New York." However, one simply cannot reach the legal conclusion of citizenship without knowing the name of or other information about the party in question, and plaintiff admits that it does not.

4

At the outset, it is notable that the legal conclusion of Attorney Silverman upon which plaintiff is relying does not add up. According to plaintiff, Attorney Silverman did not know the name of the alleged member. That brings into question her knowledge that there are two members as opposed to any other number, and does not explain how she reached her legal conclusion of "citizenship."

An allegation of "citizenship" is not a "fact." It is a legal conclusion built upon another legal conclusion, domicile, which is determined by considering a number of facts that show the party's "'true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (quoting 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3612, at 526 (2d ed. 1984)). The factors to consider in determining an individual's domicile include: "current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (internal quotation marks omitted) (quoting Bank of India v. Subramanian, No. 06-cv-2026, 2007 WL 1424668, at *5 (S.D.N.Y. May 15, 2007)).

The Court is not saying that plaintiff has to allege these underlying factual considerations. The Court agrees with plaintiff that it has no obligation to *prove* the citizenship in its complaint by alleging all the facts that support the legal conclusion of domicile. However, plaintiff still must plead more than a vague legal opinion of an attorney who is not part of this case – at least when plaintiff does not even know the name of the party of which (or of whom) that attorney is

5

speaking.[1] None of the domicile-determinate facts were disclosed to plaintiff's counsel, or even known by Attorney Silverman, let alone the Court, and since Attorney Silverman does not have any information about the unknown member, it is hard to see how she knows the citizenship of that member. For all plaintiff's counsel and the Court know, this unnamed member could be a corporation, or another LLC, or some other form of business entity, any of which, as plaintiff recognizes, would require additional allegations to support a legal conclusion as to the citizenship of that member. Instead, the Court is asked to accept Attorney Silverman's legal opinion of citizenship, with no indication how she reached it. The uncertainty of that opinion leaves too much room for error as to the underlying non-identification of the unknown member.

The pleading standard set by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), requires courts to remove conclusory assertions and legal conclusions in assessing the sufficiency of a complaint. There seems little doubt that the same standard governing substantive allegations in a complaint also applies to jurisdictional allegations. See MidCap Media Fin., LLC v. Pathway Data, Inc., 929 F.3d 310, 314 (5th Cir. 2019) (concluding that because plaintiff is an "LLC, the pleadings needed to identify [plaintiff's] members and allege their citizenship."); Carter, 822 F.3d at 60 ("the Complaint is deficient because it contains no allegation as to the identity or citizenship of [the defendant LLC's] members.")[2]; Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)

---

[1] Plaintiff's argument that the Court should be disinclined to resolve jurisdictional insufficiencies prior to the defendant's appearance is unavailing. In the first instance, most of the cases plaintiff cites are inapplicable because they do not concern John Doe defendants or John Doe LLC members. As a result, the parties' domiciles in most of those cases can be easily confirmed. More importantly, none of these cases challenge or narrow this Court's independent obligation to ensure it has subject matter jurisdiction over claims brought before it. See Cameron v. Hodges, 127 U.S. 322, 325 (1888); Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

[2] Carter used the coordinating conjunction "or" rather than "and" in referring to "identity" and "citizenship." That simply reflects that the evaluation of any pleading is context-dependent, as the Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("[W]hen allegations of parallel conduct are set out in order to make a

6

(finding that to plead jurisdiction under Fed. R. Civ. P. 8(a)(1) "the plaintiff must allege facts, not mere legal conclusions in compliance with the pleading standards established by Twombly and Iqbal."); Cf. Wood v. Maguire Automotive, LLC, 508 F. App'x 65 (2d Cir. 2013) (complaint failed to properly allege subject matter jurisdiction because allegation of amount in controversy was "conclusory and not entitled to a presumption of truth."). Subject matter jurisdiction, after all, is the keystone upon which every event that occurs in the case depends. The allegation plaintiff has made makes it possible that the unknown member (if there is only one unknown member) is a New York citizen, but it does not cross the line to plausibility.

Plaintiff itself seems to recognize this. With regard to the known member of the LLC, Todd Stearn, plaintiff alleges that he "is a citizen of the State of New York, domiciled at 55 Peach Drive, Roslyn, New York 11576." It is significant that plaintiff included Mr. Stearn's address. This was not superfluous. He lives in Roslyn. He is therefore probably a New York domiciliary. That address is arguably what makes the legal conclusion of Mr. Stearn's citizenship plausible rather than merely possible.[3]

Nor can plaintiff take refuge in its contention that Attorney Silverman stated the unknown member of the LLC is a New York citizen. Plaintiff mischaracterizes this statement as "factual," but it is the legal conclusion that matters. Cases too numerous to cite have held that not every factual allegation warrants consideration under Ashcroft and Iqbal. Speculative,

---

§ 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement."). Thus, for example, it would be a rare case where an allegation identifying a defendant by name, but not alleging his citizenship, is satisfactory. Something more than "identity" may have to be alleged depending on the context, and something more than the legal conclusion of "citizenship" may have to be alleged, especially if the identity of the referenced individual is unknown to the pleader.

[3] Although this Court does not necessarily agree, some cases have held that even an address is an insufficient basis upon which to allege citizenship. See Travaglio v. Am. Express Co, 735 F.3d 1266, 1269 (11th Cir. 2013); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."); Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972) ("Allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

conclusory, or indefinite factual allegations are just as infirm as legal conclusions. See e.g. Thomas v. Morley, No. 20-cv-7520, 2022 WL 394384, at 15 (S.D.N.Y. Feb. 9, 2022) (allegation that plaintiff was "forced" to sign an agreement is insufficient where no facts were pled to support the conclusion of "forced"); Sucesores de Don Carlos Nuñez y Doña Pura Galvez, Inc. v. Société Générale, S.A., 20-cv-851, 2021 WL 6065758, at *10 (S.D.N.Y. Dec. 22, 2021) ("traffic[king]" in plaintiff's property was too indefinite to show scienter; factual allegations are still subject to being tested for plausibility, not mere probability); Trask v. Town of Alma, No. 19-cv-1192, 2020 WL 6390091, at *5 (W.D.N.Y. Oct. 30, 2020) (an allegation that plaintiff "petition[ed] her government for redress of grievances" was "too vague to 'nudge her claims across the line from conceivable to plausible'," quoting Bell Atlantic, 550 U.S. at 570). No lesser standard should be applied to jurisdictional allegations.

The Court does not perceive any qualitative difference between alleging that "no member of the LLC is a citizen of the same state as plaintiff," as to which there is little question of its inadequacy, and "the name of this LLC member is unknown but he is believed to be a New York citizen."[4] A plaintiff could say the same thing about any LLC formed or operating in New York, including one with multiple members, and under plaintiff's theory, that would be enough. But as Justice Marshall held in Brown v. Keane, 33 U.S. 112, 114 (1834): "[T]he averment of

---

[4] Plaintiff points to the non-precedential decision Jean-Louis v. Carrington Mortg. Svcs., 849 F. App'x 296, 298 (2d Cir. 2021), as standing for the proposition that reference to a party whose identity is unknown is sufficient to invoke diversity jurisdiction. This Court does not fully concur with the broad statement in that decision on which plaintiff relies, but it is distinguishable in any event for two reasons. First, Jean-Louis involved a multi-tiered LLC comprised of other LLCs, limited partnerships, corporations, and individuals, all of whom defendant identified in its notice of removal except for one individual. That individual was multiple tiers away from the defendant entity and alleged to be diverse from plaintiff. The allegations concerning the numerous identified members of the LLC were far more detailed than plaintiff has alleged here. See Jean-Louis v. Carrington Mortg. Svcs., No. 19-cv-4302 (E.D.N.Y. July 25, 2019), at dkt. [1]. The fact that so many interest holders were diverse from the plaintiff made it plausible that the one unidentified interest holder was as well.

In addition, the defendant was alleging its own citizenship. When the defendant stated that the one unnamed interest holder was not a citizen of the state in which plaintiff was a citizen, it presumably had actual knowledge of that, unlike plaintiff's reliance here on Attorney Silverman's vague statement.

8

jurisdiction shall be positive – that the declaration shall state expressly the fact upon which jurisdiction depends. It is not sufficient, that jurisdiction may be inferred, argumentatively, from its averments." The only thing positive about plaintiff's allegation here is that it positively does not know who the unknown member of the LLC is and thus cannot plausibly allege its (or his, or her, or their) citizenship.

Plaintiff's argument to the contrary is based on the language of Fed. R. Civ. 8(a)(1). That provision requires "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff argues that merely labeling the unknown LLC member as a "citizen," without knowing who that member is, satisfies that requirement; otherwise, plaintiff contends, the Court is imposing a specificity requirement on plaintiff that is inconsistent with the words "short and plain."

The problem with plaintiff's argument is that Rule 8(a)(2), addressing the requirements for stating a claim, uses the identical language: "a short and plain statement of the claim … ." But <u>Ashcroft</u> and <u>Iqbal</u> tell us that the requirement of a "short and plain statement" is not satisfied by stating broad-brush characterizations or legal conclusions. Here, when plaintiff alleges that there is one unknown member of the LLC who is legally deemed to be a citizen of New York based on the opinion of an attorney who represents the LLC outside of this action, the amended complaint contains an insufficient factual basis for reaching that conclusion. It is asking the Court to accept too much based on mere possibility rather than plausibility.

There are some situations when the mere legal conclusion of citizenship as applied to a party is sufficient to plead diversity, and plaintiff refers to some of them. That is enough when a plaintiff has identified the relevant parties whose domicile must be considered, usually, as plaintiff did with Mr. Stearn, by providing an address supporting that conclusion. But when a

9

plaintiff does not even know the name of the individual or entity whose citizenship must be considered, then the mere legal conclusion is just not enough. It leaves both the Court and the parties facing the prospect of presiding over a lengthy litigation only to find that it never had jurisdiction to begin with.

Jurisdiction has been found absent at late stages of a case based on similar allegations too many times. This is especially the case where an attorney relies on imperfect, secondary sources of information. As quoted at the beginning of this decision, the Seventh Circuit held in Belleville Catering that an attorney's reliance on a lease identifying a party as a "corporation" won't suffice if it turns out later that the lease was wrong and the party was an LLC. See Belleville Catering, 350 F.3d at 692–93. The Court went so far as to condemn the lawyer's lack of due diligence for not checking original records.[5] Id.

A similar misfortune occurred in Purchasing Power, LLC. v. Bluestem Brands, Inc., 851 F.3d 1218 (11th Cir. 2017). That case had to be dismissed after years of litigation when it was finally determined that diversity jurisdiction was absent. When dealing with LLCs, the Court noted,

> [t]he simplest misstep has the potential to derail years of litigation and result in a massive financial sanction, as happened here. It is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case. Everyone involved in this case trusted that diversity jurisdiction existed, but no one verified it. The law firms involved trusted their clients. The clients trusted their lawyers. The law firms trusted each other, and the district court trusted them. But there was no verification.

---

[5] This Court respectfully disagrees with the Seventh Circuit's suggestion that the failure of due diligence is co-extensive with a violation of Rule 11. The lease gave the attorney in Belleville Catering a good faith basis to make the allegation of citizenship, even if it was wrong, just as plaintiff's conversation here with Attorney Silverman, insufficient as it was, gave plaintiff's counsel a good faith basis for alleging the citizenship of the unknown member. But good faith under Rule 11 is not the same as a party's obligation to properly plead subject matter jurisdiction.

Id. at 1220-21. Like the lawyers in Purchasing Power, plaintiff's attorneys here are requesting that this Court take Attorney Silverman's legal opinion at face value. But even assuming that everyone is acting in good faith, the Court is not going to go down that road where it has not been told the name of, or any information about, an interest holder, the citizenship of which (or whom), would thereby become the basis for any order entered in the case.

Although not a factor in determining the existence of subject matter jurisdiction, it is worth noting that the state courts provide a fully adequate forum to resolve a $150,000 contract dispute. The Court made this point in its Order dismissing this case, but in its motion for reconsideration, plaintiff objects on the ground that it has a "constitutional right" to be in federal court. It does not. The "right" (if it is even a "right," as opposed to an "ability") is statutory. Although Article III provides for diversity jurisdiction, it is Congress that defines the requirements to invoke it. If it deemed it appropriate, Congress, could, for example, increase the amount in controversy requirement to $200,000 or more – increases in the jurisdictional threshold have occurred several times in the nation's history. See 15A Moore's Federal Practice - Civil § 102.100 (2021). If it did, plaintiff could not contend that it had been denied a "constitutional right." Plaintiff must meet the pleading requirements of the Judicial Code, as interpreted by the courts, to invoke the Court's jurisdiction. In any event, whether the ability to remove derives directly from the Constitution or from the Judicial Code, plaintiff has not met the requirements.

Although one cannot read too much intent into a congressional failure to act, see Alexander v. Sandoval, 532 U.S. 275, 292 (2001), Congress has in fact considered, and rejected, whether to bring the definition of LLC citizenship into line with that of a corporation, see Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); Cosgrove v. Bartolotta,

11

150 F.3d 729, 731 (7th Cir. 1998). Indeed, in the Class Action Fairness Act, it has redefined the citizenship of an LLC for purposes of diversity, thus making cases involving LLCs more amenable to federal jurisdiction. See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1237 n.1 (10th Cir. 2015); Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698 (4th Cir. 2010). But it has not done so generally, and courts should not liberalize the requirements where Congress has not.

No doubt, this makes it harder for a plaintiff to sue an LLC in federal court, as one of the purposes of forming an LLC may be to deter public identification of its members. Cf. U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC, No. 09-cv-00697, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) ("While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court."). As the Eleventh Circuit noted in Purchasing Power, this means there is "difficulty [in] applying established diversity jurisdiction principles to 21st-century business organizations." 851 F.3d at 1221. But that is the way Congress has left it. The Court is not going to circumvent the statute by finding that it has diversity jurisdiction based on a conclusory allegation of an interest holder's citizenship, the name, address, or any particulars of whom, or which, nobody knows.

## CONCLUSION

Plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated:  Brooklyn, New York
       March 5, 2022